Case No. 24-3107

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

MFA ENTERPRISES, INC., D/B/A WEST : 
CENTRAL AGRI SERVICES, :
: 
Petitioner, :
:
v. : No. 24-3107
:
OCCUPATIONAL SAFETY AND :
HEALTH REVIEW COMMISSION; :
SECRETARY OF LABOR, :
:
Respondents. :
_____:

**SECRETARY OF LABOR'S THIRD MOTION TO EXTEND THE TIME FOR SEEKING REHEARING OR REHEARING EN BANC**

A panel of this Court issued an opinion and judgment in this case on August 28, 2025. The Court subsequently granted the Respondent Secretary of Labor (Secretary) two extensions of time in which to file a petition for rehearing or rehearing en banc, with such a petition currently due on or before December 18, 2025. Due to extended delays in the deliberation process following the government shutdown, the Secretary now requests a third, 43-day extension of time, to and including January 30, 2026, in which to file a petition for rehearing or rehearing en banc. In support of this motion, the Secretary states as follows:

1

1. This case arises from an Occupational Safety and Health Administration (OSHA) citation alleging that Petitioner violated an OSHA standard, 29 C.F.R. § 1910.132(d)(1)(i), when Petitioner's employees worked atop stationary railcars without using a personal fall protection system. An administrative law judge (ALJ) of the Occupational Safety and Health Review Commission (Commission) affirmed the citation, and that decision became a final order of the Commission. After Petitioner filed a petition for review, a panel of this Court reversed the Commission's order and vacated OSHA's citation on the grounds that the "[Federal Railroad Administration] preempts OSHA's jurisdiction over working conditions on top of railcars." Opinion at 7.

2. Under Federal Rules of Appellate Procedure 26(a)(1)(c) and 40(d)(1)(B), a petition for rehearing or rehearing en banc would have been due on October 14, 2025. On October 1, 2025, the Secretary requested a 45-day extension of time due to the significance and complexity of the issues raised by the panel's decision, the need for inter-agency coordination if a petition were to be filed, and the lapse of appropriated funding for the Department of Labor and its subagencies that occurred at the end of the day on September 30, 2025. On October 3, 2025, this Court granted the Secretary's motion and extended the due date for a petition for rehearing to November 26, 2025.

On November 13, 2025, the Secretary requested a second, 22-day extension of time to account for the 43-day lapse in appropriated funding, the length of which the Secretary did not anticipate when it requested its first extension. On November 14, 2025, this Court granted the Secretary's motion and extended the due date to December 18, 2025.

   3. The Secretary now seeks a 43-day extension that would make a petition for rehearing or rehearing en banc due on January 30, 2026. There is good cause for the requested extension.

     a. As discussed in the Secretary's preceding motions for extensions of time, the panel's decision raises significant and complex issues concerning the respective responsibility of OSHA and the U.S. Department of Transportation's Federal Railroad Administration for the safety of railroad employees. As a result, the process for determining whether to file a petition for rehearing or rehearing en banc necessitates consultation with multiple partner agencies. If the government were to file a petition for rehearing en banc, such a petition would need to be authorized by the Solicitor General. *See* 28 C.F.R. § 0.20(b).

     b. The Secretary continues to engage in deliberations and consult with partner agencies concerning the panel's decision, but additional time is needed to complete the process. The 43-day lapse in appropriation

complicated the process, as it created a backlog of matters demanding the attention of decisionmakers. One such decisionmaker, Solicitor of Labor Jonathan Berry, was Senate-confirmed during the lapse in appropriation and has been working to get up-to-speed on many matters. As a result, internal deliberations and external consultations have been slowed. Absences surrounding the Thanksgiving holiday further complicated the process, as will anticipated absences in the coming weeks for the winter holidays.

    c. Granting the requested extension will not prejudice Petitioner or otherwise cause harm, as it will merely preserve the status quo while the Secretary completes the above-discussed deliberation process. Careful deliberation of whether to file a petition for panel rehearing or rehearing en banc in this case is critically important, as the panel's opinion affects the federal government's interagency division of responsibility for the occupational safety and health of railroad employees. The Secretary is working diligently to complete the deliberation process as quickly as possible.

4. On December 10, 2025, the undersigned contacted counsel for Petitioner via email to obtain Petitioner's position on this motion. Petitioner's counsel responded that Petitioner "do[es] not think a third extension is warranted, and therefore cannot consent to the request. The new proposed deadline is now five

months out from the date of the opinion, which is unnecessarily delaying finality in this case."

5. Having demonstrated good cause, the Secretary requests that the Court grant the extension of time.

WHEREFORE, Respondent Secretary of Labor respectfully requests a 43-day extension of time in which to file any petition for rehearing or rehearing en banc, to and including January 30, 2026.

|  |  |
|---|---|
|  | /s/ Brian A. Broecker |
|  | BRIAN A. BROECKER |
|  | Senior Attorney |
|  | U.S. Department of Labor |
|  | Office of the Solicitor, Room S-4004 |
|  | 200 Constitution Avenue, N.W. |
|  | Washington, D.C. 20210-0001 |
| December 11, 2025 | (202) 693-5484 |

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the length limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 804 words according to the count of Microsoft Office 365. I also certify that it complies with the typeface and style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in Times New Roman, a proportionally spaced typeface, in 14-point font.

DECEMBER 11, 2025

/s/ *Brian A. Broecker*
BRIAN A. BROECKER
Senior Attorney
U.S. Department of Labor
200 Constitution Ave., NW
Room S-4004
Washington, DC 20210
(202) 693-5484
broecker.brian@dol.gov

# CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of December, 2025, I filed a copy of the foregoing Secretary of Labor's Third Motion to Extend the Time for Seeking Rehearing or Rehearing En Banc via the Court's CM/ECF Electronic Filing System, thereby providing service on counsel for Petitioner, listed below:

Richard C. Landon
LATHROP GPM LLP
3100 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402-0000
Email: richard.landon@lathropgpm.com

Tedrick A. Housh III
LATHROP GPM LLP
Suite 2200
2345 Grand Boulevard
Kansas City, MO 64108-2612
Email: tedrick.housh@lathropgpm.com

/s/ *Brian A. Broecker*
BRIAN A. BROECKER
Senior Attorney
U.S. Department of Labor
200 Constitution Ave., NW
Room S-4004
Washington, DC 20210
(202) 693-5484
broecker.brian@dol.gov

DECEMBER 11, 2025